JOSEPH HILTON, INC., Appellant, *v.* BATHOLD REALTY CORPORATION and Another, Respondents.

First Department, November 2, 1923.

Injunctions — action to restrain negotiation of notes given by plaintiff to defendants in anticipation of performance of building contract — agreement provided that notes were not to be negotiated until contract was performed — plaintiff was protected by surety company's bond — non-performance of contract within time stipulated is fairly shown — plaintiff is entitled to have negotiation of notes restrained until question of performance can be determined.

The plaintiff is entitled to a temporary injunction restraining the defendants from negotiating certain promissory notes made and delivered to them by the plaintiff in anticipation of the performance of a building contract, where it appears that the contract provided that the notes were not to be negotiated until the contract was fully performed; that a controversy has arisen between the parties to the contract in relation to the performance thereof, and that a mechanic's lien filed by the defendants shows that the contract was not performed within the time stipulated.

The fact that the plaintiff is protected by a surety company's bond does not deprive it of the right to have the negotiation of the notes restrained, as the plaintiff is entitled to the protection given it by the contract which prohibits the negotiation of the notes prior to the full performance thereof, and should be safeguarded against the probability of further expense and annoyance which may be entailed in enforcing the obligation of the surety company.

APPEAL by the plaintiff, Joseph Hilton, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of June, 1923, denying its motion for a temporary injunction restraining the defendants from negotiating certain promissory notes made and delivered by the plaintiff.

*Snitkin & Goodman* [*Samuel R. Golding* of counsel; *Leonard A. Snitkin* with him on the brief], for the appellant.

*Julius D. Tobias* of counsel, for the respondent Bathold Realty Corporation.

*Tompkins, Metcalfe & Putsche* [*Thomas R. Putsche* of counsel], for the respondent Maryland Casualty Company.

MARTIN, J.:

On January 25, 1923, plaintiff and defendant Bathold Realty Corporation entered into a contract by the terms of which the Bathold Realty Corporation undertook to make certain alterations in premises No. 1531 Broadway, New York city, which were to be completed by March 1, 1923.

The contract contains the following clauses, among others:

" *Sixth.* In the event of such default as is referred to in paragraphs ' Second,' ' Third ' and ' Fourth ' respectively herein, the party of the second part may employ and pay other workmen to finish said work or alteration, and may use any scaffolding and materials on the premises belonging to the party of the first part for such purpose; and should the party of the second part pay, or be liable to pay, a larger sum for finishing such work than the amount it would be indebted for under the terms of this agreement to the party of the first part, then the excess shall be paid to it by the party of the first part."

" *Eighth.* All work rendered necessary in consequence of the doing of the work hereby agreed upon or hereinafter mentioned, shall be deemed to be included in and shall form part of this agreement, although not mentioned in the specifications, and no additional payment of moneys shall be made to the party of the first part for the same.

" *Ninth.* No extra or additional work shall be done by the party of the first part except upon the previous order in writing of the party of the second part agreeing to pay for the same, and should the same be done without such order, the party of the first part shall not be entitled to any additional payment for it."

" *Twelfth.* The said work and alteration shall be completed by the party of the first part as aforementioned, and be delivered by it

to the party of the second part, free from all liens of mechanics or others, on or before the said 1st day of March, 1923."

With reference to payment for the work to be performed, the fifteenth paragraph of the contract provides as follows:

" *Fifteenth.* The party of the second part agrees, in consideration of the faithful performance of the above specified work and alterations as per the terms and conditions herein, and of the fulfillment of all the obligations by the party of the first part, that it herein is required to fulfill, that is, the party of the second part will, upon the signing of this agreement, pay to the said party of the first part the sum of Twenty-four thousand ($24,000) by our (4) notes made by it to the order of the party of the first part, as follows:

" A note for the sum of $5,250.00 due and payable with interest on the 1st day of May, 1923; a note in the sum of $6,250 due and payable with interest on the 1st day of August, 1923; a note in the sum of $6,250 due and payable with interest on the 1st day of November, 1923, and a note in the sum of $6,250 due and payable with interest on the 1st day of February, 1924."

On the same day a second contract was executed between plaintiff and defendant Maryland Casualty Company, by the terms of which the Maryland Casualty Company for good and valuable consideration agreed that the Bathold Realty Corporation would perform all the terms of its contract; and further that, in the event the alterations were not completed before March 1, 1923, the Maryland Casualty Company would indemnify the plaintiff to the extent of $153 per day as of February 1, 1923, until the full performance of the terms and conditions of the agreement of the realty company.

The contract made by the Maryland Casualty Company also provides as follows: " We understand and agree that the Maryland Casualty Company will not deliver said notes to the Bathold Realty Corporation or negotiate, transfer or assign the aforesaid notes until the full performance by the Bathold Realty Corporation of its agreement with you aforementioned to complete the said alterations and repairs on the said premises and the fulfillment of all the terms and conditions in the said agreement by the Bathold Realty Corporation to be performed."

A controversy has arisen between the parties to the contract for the making of the alterations. It is the contention of plaintiff that defendant Bathold Realty Corporation not only failed to properly perform the work and complete the alterations within the time stipulated, but that it has failed at all times to fully perform its contract. The Bathold Realty Corporation asserts that

the contract was fully performed, and that a large amount of additional work was ordered, which has also been performed, and for which it is entitled to payment.

On the 28th day of May, 1923, the Bathold Realty Corporation filed a mechanic's lien for the sum of $36,000, setting forth the date when the last items of work were performed as April 30, 1923, and the time when the last items of material were furnished as April 30, 1923. Plaintiff points to this as an admission that the contract was not performed within the time provided therefor. The contention of the Bathold Realty Corporation is that the contract was performed within the period provided therefor, and in accordance with the terms thereof, but that considerable extra work was performed in addition to that called for by the original contract.

Plaintiff asserts that, because of the alleged failure of the defendant realty company to perform the contract, it should be protected by the issuance of an injunction restraining the negotiation of the notes delivered to the Maryland Casualty Company until the matters in controversy are decided.

The court at Special Term denied the application for an injunction restraining the negotiation of the notes, and held that the agreement of the Maryland Casualty Company would be sufficient to protect the maker of the notes if it eventually succeeds upon the trial of the action.

The notes in question were not to be transferred until the contract for the alterations was performed, which contract was to be performed before March 1, 1923. The plaintiff contends that its notes should not be negotiated if the work, which was to be paid for by them and which was to be performed before the notes were to be negotiated, has not been performed.

There appears to be much force in the argument of plaintiff that the papers disclose the fact that the contract was not performed within the time provided for therein. It may be possible upon the trial for defendant Bathold Realty Company to justify its failure to perform within the time set forth in the contract.

If the contract has not been performed, the notes should not be negotiated, for they were to be negotiated only upon performance by the Bathold Realty Company, prior to which plaintiff was not to be called upon to pay them. It should not be required to pay what it is not bound under the terms of the contract to pay, if it is right in the position it maintains.

To allow the negotiation of the notes and confine plaintiff to the protection of the agreement made by the Maryland Casualty Company would be to deprive it of what was stipulated by contract. Furthermore, under the agreements it is entitled to be safeguarded

against the probability of further expense and annoyance which may be entailed in enforcing the obligation of the casualty company.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.